Mr. Justice Clayton
delivered, the opinion of the court.
This was a trial of the right of property, in the circuit court of Madison county.
One John D. King being indebted to Martin, Pleasants & Co., on account of acceptances by them, upon bills drawn in favor of Burr Garland, executed a deed of trust upon certain lands and slaves for their security. The property was afterwards publicly *342 sold, in pursuance of the terms of the deed of trust, and was purchased by Garland, and conveyed to him by the trustees-The family of John D. King was, after this sale, permitted to remain in possession of the property, and one of the slaves was seized in execution under a judgment in favor of Chambers. This possession was alleged to be evidence of fraud, and it is for that cause attempted to render it liable to execution.
On the trial, the court, at the instance of the plaintiff in the execution, amongst other charges, gave the following: “If the jury believe, that the property remained in the possession of. John D. King and his family, and they had the benefit of it, that this is prima facie evidence of fraud, and they must find for' the plaintiff, unless such possession is explained to their satisfaction.” “That when property is sold for any person to another,, there must be a substantial and bona, fide change of possession, and an exclusive possession by the purchaser; otherwise, such sale is collusive and fraudulent, and void as to the creditors of the vendor, unless satisfactorily explained.”
These instructions lay down the rule too strongly against the claimant. It is true, that the general doctrine is now settled, that the possession of property by the vendor, after a voluntary sale, is prima facie evidence of fraud. Sales, under executions publicly and notoriously made, are regarded with nrore indulgence. On this head Chancellor Kent thus states the doctrine : “ The purchaser of goods, under execution, is protected from other executions, though the goods were suffered to continue in possession of the defendant, on the ground, that the transaction was necessarily notorious to the neighborhood, and the execution notice to the world. If the case be free from fraud in fact, it is, under such circumstances, free from the inference of fraud in law. But still the question of fraud; in such cases, is a question of fact for the jury.” 2 Kent, 518. See also Kidd v. Rawlinson, 2 Bos. &. Pul. 59; Latimer v. Batson, 4 Barn. & Cres. 652; 10 Eng. Com. Law Rep. 433; Jezeph v. Ingram, 8 Taunt. 838; 4 Eng. C. L. R. 303.
This doctrine was not sufficiently explained to the jury. The publicity of the transaction took away the presumption of fraud, *343 which would otherwise have arisen. In Latimer v. Batson, above cited, the judge on the trial told the jury: “ that if they thought the sale to the plaintiff was bona, fide, and that the purchase money was really paid by him, he was entitled to a verdict; hut if they thought the purchase money was in reality paid by the defendant in the execution, and the sale to the plaintiff was colorable, they should find for the defendant.” A verdict was rendered for the plaintiff. When the case was determined in the King’s Bench, Bayley, J., said, “ the jury, in this case, were properly directed to give their verdict for the plaintiff, or defendant, according as they should be of opinion that the transaction was fair or fraudulent.”
The same notoriety attends public sales under deeds of trust, as sales under execution, and the same rule should prevail. Leonard v. Baker, 1 Mau. & Sel. 251. In a sale of such character the law does not infer fraud, from the leaving of the property in the possession of the original owner, or his family. Benevolent motives alone may induce the act. The case is to be left to the jury to determine, whether fraud in fact exists, in view of all the circumstances.
This case is clearly distinguishable from that of Rankin v. Holloway, 3 S. & M. 620. True, the sale in that case was public, but it was voluntary. The long possession of the vendor was also a circumstance of much weight; and this lapse of time was a fact of great prominence in the cause. There was also strong evidence of actual fraud.
The judgment is reversed, and a new trial awarded.
In the case of Burr Garland v. Fleming & Bennett, submitted with this, the same decision is made.